IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| CHARLES DAVID PERRY, § | |
|           Plaintiff, § | |
| v. § | |
| § | No. 1:20-CV-386-RP |
| KNOPP NURSING HOME, INC., ET § | |
| AL., § | |
|           Defendants. § | |

**REPORT AND RECOMMENDATION OF
THE UNITED STATES MAGISTRATE JUDGE**

TO THE HONORABLE ROBERT PITMAN
UNITED STATES DISTRICT JUDGE:

Before the court are Defendants' Motion to Dismiss for Lack of Subject-Matter Jurisdiction and Failure to State a Claim (Dkt. #5), Defendants' Motion to Dismiss for Forum Non Conveniens (Dkt. #6), and all related briefings. *See* Dkt. #10, #11.[1] After reviewing the pleadings, relevant case law, and the entire record, the undersigned issues the following Report and Recommendation to the District Court.

**I.    BACKGROUND**

This lawsuit arises from the alleged underpayment of Plaintiff Charles David Perry ("Perry") by his employers, Defendants Knopp Nursing Home, Inc., Knopp Retirement Center, Inc., Knopp Healthcare & Rehab Center, Inc., Knopp Assisted Living Center, Inc., Luckenbach Apartments, Inc., and Knopp Nursing & Rehab Center, Inc. ("Knopp Defendants"). Dkt. #1 (Complaint).[2] Perry worked continuously for Knopp Defendants from 1999 to 2018, at which point

---

[1] These Motions were referred to the undersigned for a report and recommendation pursuant to 28 U.S.C. § 636(b), Rule 72 of the Federal Rules of Civil Procedure, and Rule 1 of Appendix C of the Local Rules of the United States District Court for the Western District of Texas.

[2] Perry alleges he was jointly employed by Knopp Defendants and that Knopp Defendants are "all owned by the same set of individuals providing substantially similar services." Dkt. #1 at 5.

1

he was "terminated on demonstratively false accusations."[3] Dkt. #1 at 6. During this time, Perry contends he "worked an average of 50 to 60 hours a week" and was supposed to be paid a base salary of $25 an hour and an overtime salary of $37 an hour. *Id.* at 6, 8. However, upon being terminated on March 15, 2018, Perry alleges he "noticed that he was being paid substantially less than what he should have been making." *Id.* at 6. Specifically, Perry contends that while he was paid only $10,250 in 2017, he should have made "about $52,000" via his base salary alone. *Id.* Additionally, Perry alleges the Knopp Defendants impermissibly sought a loan under his name in the sum of $68,000, falsified documents in requesting this loan, and then reinvested the loan in Knopp Defendants. *Id.* at 7. Based on the foregoing conduct, Perry levies claims based on the Fair Labor Standards Act ("FLSA"), breach of contract, quantum meruit, and fraud. *See id.* at 7-10.

On June 12, 2020, Knopp Defendants filed their Motion to Dismiss for Lack of Subject-Matter Jurisdiction and Failure to State a Claim. Dkt. #4, #5. As an initial matter, it appears Knopp Defendants inadvertently filed this motion twice. *See id.* Accordingly, the District Judge should **DISMISS** Dkt. #4, the duplicate, as **MOOT**.

In their Motion to Dismiss, Knopp Defendants argue the court lacks subject-matter jurisdiction over Perry's FLSA claim because Perry lacks standing. *See* Dkt. #5. Additionally, Knopp Defendants argue Perry failed to state a claim upon which relief can be granted, his Complaint does not provide fair notice of his claims, and his FLSA claim is barred by the applicable statute of limitations. *Id.* Perry filed a response, but Knopp Defendants failed to file a reply. *See* Dkt. #10.

On June 12, 2020, Knopp Defendants filed their Motion to Dismiss for Forum Non Conveniens, arguing the lawsuit should be dismissed because an available and alternative forum

---

[3] Perry also notes he divorced Jane Perry, Knopp Defendants' owner and registered agent, sometime after January of 2018. Dkt. #1 at 6.

exists in the 216th District Court in Kerr and Gillespie Counties, Texas. *See* Dkt. #6. Perry filed a response and, again, Knopp Defendants failed to file a reply. *See* Dkt. #11.

## II. LEGAL STANDARD

Federal courts are tribunals of limited subject matter jurisdiction and may only entertain a case that fits within the judicial power of Article III of the U.S. Constitution and a statutory grant of subject matter jurisdiction. 13D Charles Alan Wright, Arthur R. Miller, *Federal Practice & Procedure* § 3567 (3d ed. 2008). Rule 12(b)(1) allows a party to move for dismissal of an action for lack of subject matter jurisdiction. *See* FED. R. CIV. P. 12(b)(1). The party asserting that subject matter exists bears the burden on a 12(b)(1) motion. *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001). In deciding a motion to dismiss pursuant to Rule 12(b)(1), the court may consider: (1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts, plus the court's resolution of disputed facts. *Freeman v. United States*, 556 F.3d 326, 334 (5th Cir. 2009). Subject matter jurisdiction includes the "irreducible constitutional minimum of standing." *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992). To establish standing, the Plaintiff must allege (1) that he has suffered an injury in fact, which is both (a) concrete and particularized and (b) actual or imminent, as opposed to conjectural or hypothetical; (2) the existence of a causal connection between the asserted injury-in-fact and the conduct complained of – the injury has to be fairly traceable to the challenged action of the defendant and not the result of the independent action of some third party not before the court; and (3) it must be likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision. *Id*. Particularized means "that the injury must affect the plaintiff in a personal and individual way." *Id*. at 560 n.1.

When evaluating a motion to dismiss for failure to state a claim under Rule 12(b)(6) the complaint must be liberally construed in favor of the plaintiff and all facts pleaded therein must be taken as true. *Leatherman v. Tarrant Cnty. Narcotics Intelligence & Coordination Unit*, 507 U.S. 163, 164 (1993); *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996). Although Federal Rule of Civil Procedure 8 mandates only that a pleading contain a "short and plain statement of the claim showing that the pleader is entitled to relief," this standard demands more than unadorned accusations, "labels and conclusions," "a formulaic recitation of the elements of a cause of action," or "naked assertion[s]" devoid of "further factual enhancement." *Bell Atl. v. Twombly*, 550 U.S. 544, 555-57 (2007). Rather, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Id*. at 570. The Supreme Court has made clear this plausibility standard is not simply a "probability requirement," but imposes a standard higher than "a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The standard is properly guided by "[t]wo working principles." *Id*. First, although "a court must 'accept as true all of the allegations contained in a complaint,' that tenet is inapplicable to legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*. at 678. Second, "[d]etermining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. Thus, in considering a motion to dismiss, the court must initially identify pleadings that are no more than legal conclusions not entitled to the assumption of truth, then assume the veracity of well-pleaded factual allegations and determine whether those allegations plausibly give rise to an entitlement to relief. If not, "the complaint has alleged – but it has not 'show[n]' – 'that the pleader is entitled to relief.'" *Id*. at 679 (quoting FED. R. CIV. P. 8(a)(2)).

**III.    ANALYSIS**

Knopp Defendants have moved to dismiss Perry's claims for lack of subject matter jurisdiction under Rule 12(b)(1) and for failure to state a claim under Rule 12(b)(6). Because Knopp Defendants seek dismissal under Rule 12(b)(1), the court must first address their jurisdictional attack. *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001).

**A.    Rule 12(b)(1)**

Knopp Defendants argue this court lacks subject matter jurisdiction because Perry lacks standing to bring his FLSA claim.[4] Specifically, Knopp Defendants argue that: (1) whether or not Perry meets the FLSA's requirements for asserting a claim is a standing issue that goes directly to this court's jurisdiction, (2) Perry does not have standing because he has not properly alleged he is an "employee" within the meaning of the FLSA; and (3) Perry in any case cannot bring an FLSA claim because he falls under the "bona fide executive" exemption pursuant to 29 U.S.C. § 213(a)(1). *See* Dkt. #4.

The FLSA contains the federal standards for minimum wage and overtime payment for public and private employees. To establish a claim for compensation under the FLSA, plaintiffs must prove they were "employees engaged 'in the production of goods for commerce' ('individual coverage') or 'employed in an enterprise engaged in commerce or in the production of goods for commerce' ('enterprise coverage')." *Martin v. Bedell*, 955 F.2d 1029, 1032 (5th Cir. 1992) (citing 29 U.S.C. § 207(a)(1)). Therefore, "[t]o establish that his employer is subject to the requirements of the FLSA, the plaintiff employee has the burden to show that there is coverage, whether

---

[4] Perry argues this court has federal question jurisdiction over his FLSA claim and pendent jurisdiction over his remaining claims. *See* Dkt. #1 at 4-5. Accordingly, subject matter jurisdiction would be lacking if Perry lacked standing to bring his FLSA claim.

individual or enterprise." *Mendoza v. Detail Solutions, LLC.*, 911 F. Supp. 2d 433, 439 (N.D. Tex. 2012) (citing *D.A. Schulte, Inc. v. Gangi*, 328 U.S. 108, 120 (1946)).

However, whether such coverage exists under the FLSA is not a jurisdictional issue to be resolved on a Rule 12(b)(1) motion. As numerous courts within the Fifth Circuit have held, "[t]he court's subject matter jurisdiction does not turn on whether [the plaintiff] has alleged facts that demonstrate coverage under FLSA but on whether his well-pleaded complaint asserts a federal-question cause of action." *Morrow v. J W Electric, Inc.*, No. 3:11–CV–1988–D, 2011 WL 5599051, at *1 (N.D. Tex. Nov. 16, 2011); *see also Cano v. Ron's Organics, Inc.*, No. 3:13-CV-3650-B, 2015 WL 1443077, at *2 (N.D. Tex. Mar. 30, 2015) (rejecting the defendants' argument that requirements under the FLSA go to whether a litigant has jurisdictional standing); *Devore v. Lyons*, No. 3:16-CV-01083-BN, 2016 WL 6277810, at *5 (N.D. Tex. Oct. 25, 2016) ("The court's subject matter jurisdiction does not turn on whether Plaintiff has alleged facts that demonstrate coverage under the FLSA, a federal statute, but on whether her well-pleaded complaint asserts a federal-question cause of action."); *Lopez–Santiago v. Coconut Thai Grill*, No. 3:13–CV–4268–D, 2014 WL 840052, at *3 (N.D. Tex. Mar. 4, 2014) (finding that "the court must treat enterprise coverage as an element of plaintiffs' claim rather than a jurisdictional prerequisite"). This is largely because "[w]hen Congress does not rank a statutory limitation on coverage as jurisdictional, courts should treat the restriction as nonjurisdiction in character." *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 516 (2006). As the above courts correctly determined, nothing in the "employee" definition of Section 203 nor the "exemptions" listed in Section 213 "suggest[] that district courts are deprived of subject matter jurisdiction to hear claims implicating the exemptions" or definitions under these provisions. *Morgan v. Rig Power, Inc.*, No. 7:15-CV-73-DAE, 2015 WL 6506953, at *3 (W.D. Tex. Oct. 27, 2015) (dismissing a Rule 12(b)(1) motion to dismiss because "[w]hether Plaintiffs

6

are subject to [a Section 213] exemption is . . . not a jurisdiction question, but rather one that goes to the merits of the case, and may be appropriately addressed at the merits stage"); *see Hopkins v. Cornerstone Am.*, 512 F. Supp. 2d 672, 679 (N.D. Tex. 2007), *vacated in part on other grounds*, 545 F.3d 338 (5th Cir. 2008) (holding that whether plaintiffs are employees does not affect federal-court subject-matter jurisdiction but, instead, delineates a substantive ingredient of the plaintiffs' FLSA claim).

Here, Perry has asserted a well-pleaded claim for payment and overtime violations under the FLSA, thus invoking this Court's federal question jurisdiction. *See* 28 U.S.C. § 1331 (establishing that "district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."); Dkt. #1. Specifically, Perry has pleaded he worked an average of 50 to 60 hours a week, he was paid as a W-2 employee of Knopp Defendants, and he was paid only $10,250 in 2017. *Id.* at 5-7. Therefore, to the extent Knopp Defendants' Motion is based on the alleged lack of standing, it is without merit and should be **DENIED**. Dkt. #5.

      **B.**      **Rule 12(b)(6) – Fair Notice**

Knopp Defendants argue that Perry's Complaint "does not provide [them] notice of [Perry]'s claim." Dkt. #5 at 7. In particular, Knopp Defendants allege Perry only alleges "conclusionary statements" that "fail to provide any notice as each alone or together do [*sic*] not prove that [Perry] was a covered employee." *Id.* at 7-8. Additionally, Knopp Defendants argue that "[e]ven if these allegations are assumed to be true, they do not show a right to relief that is more than mere speculation." *Id.* Because Knopp Defendants' fair notice argument repeatedly references the FLSA's "employee" requirement, the court construes this argument as pertaining only to Perry's FLSA claim.

Under Federal Rule of Civil Procedure 8's notice requirements, "defendants in all lawsuits must be given notice of specific claims against them." *Anderson v. U.S. Dept. of Housing & Urban Development*, 554 F.3d 525, 528 (5th Cir. 2008) (citing FED. R. CIV. P. 8(a)(2)). While a plaintiff need not plead specific facts, the complaint must provide "the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 555. If the complaint lacks facts necessary to put a defendant on notice of what conduct supports the plaintiff's claims against it, the complaint is inadequate to meet the notice pleading standard. *Anderson*, 554 F.3d at 528. The complaint must not only name the laws which the defendant has allegedly violated, but also allege facts about the conduct that violated those laws. *Id*.

A plaintiff bears the burden of establishing that he is an employee under the FLSA. *See Sobrinio v. Med. Ctr. Visitor's Lodge, Inc.*, 474 F.3d 828, 829 (5th Cir. 2007). The FLSA defines "employee" as "any individual employed by an employer." 29 U.S.C. § 203(e). Because of the circular nature of that definition, the U.S. Supreme Court has provided a practical test for determining whether a specific individual is an "employee" for FLSA purposes by stating that "employees are those who as a matter of economic reality are dependent upon the business to which they render service." *Bartels v. Birmingham*, 332 U.S. 126, 130 (1947); *see also Usery v. Pilgrim Equip. Co., Inc.*, 527 F.2d 1308, 1311 (5th Cir. 1976). Although the FLSA is to be applied broadly, "it was not intended to stamp all persons as employees, who, without any express or implied compensation agreement, might work for their own advantage on the premises of another." *Walling v. Portland Terminal Co.*, 330 U.S. 148, 152 (1947).

Here, taking all well-pleaded facts in the Complaint as true, Perry has properly alleged a claim under the FLSA. Perry pleads he was employed by Knopp Defendants, "continuously [worked] for Knopp [Defendants] from around September 16, 1999 to March 15, 2018, "gave his

best efforts to the company and its residents "[f]rom the moment he began his employment for [Knopp Defendants]," "work[ed] sunup to sundown making sure that the residents of [Knopp Defendants] received the best care possible," worked an average of 50-60 hours per week, was supposed to be paid a base rate of $25 per hour and an overtime rate of $37 per hour, and made only $10,250 in 2017 as evidenced by his 2017 W-2. Regardless of Knopp Defendants' misguided assertion that Perry failed to "prove" he was an employee, these well-pleaded facts are not conclusory nor speculative and undoubtedly satisfy the *pleading* requirement at this stage of the proceedings. Furthermore, given Perry's well-pleaded facts and the organization of his Complaint, no reasonable argument can be made that Knopp Defendants did not have fair notice of Perry's pleaded claims.

Thus, Knopp Defendants' Motion should be **DENIED** so far as it seeks dismissal under the fair notice doctrine and argues Perry has failed to state a cognizable claim.

  **C.**  **Rule 12(b)(6) – Statute of Limitations**

Knopp Defendants argue this court should dismiss Perry's FLSA claim on the grounds that it is barred by the FLSA's two-years statute of limitations. *See* 29 U.S.C. § 255(a); Dkt. #5 at 8.[5] Perry responds that the FLSA provides a three-year period for "willful violation[s]" of the FLSA. Dkt. #10 at 11. Perry argues he has pleaded such a willful violation by alleging: (1) Knopp Defendants told him he would be paid hourly, (2) Knopp Defendants "would falsify records [and

---

[5] Title 29 U.S.C. § 225(a) states:

> Any action commenced on or after May 14, 1947, to enforce any cause of action for unpaid minimum wages, unpaid overtime compensation, or liquidated damages, under the Fair Labor Standards Act of 1938, as amended [29 U.S.C.A. § 201 *et seq.*] . . . (a) . . . may be commenced within two years after the cause of action accrued, and every such action shall be forever barred unless commenced within two years after the cause of action accrued, *except* that a cause of action arising out of a *willful violation* may be commenced within three years after the cause of action accrued . . . .

29 U.S.C. § 225(a) (emphasis added).

9

loan documents] to claim that they allegedly paid [Perry] the wages he was promised on certain occasions," and (3) the Department of Labor "has in the past gotten involved to rectify [Knopp Defendants'] failure to pay overtime to their employees." Dkt. #1 at 6-7. As noted above, Knopp Defendants failed to file a reply, but in their initial motion posit that Perry's Complaint "fails to 'sketch' any actions by [Knopp Defendants] that demonstrate a 'willful' violation of the FLSA." Dkt. #4 at 9. Both parties appear to agree that Perry's FLSA claim would be barred by the two-year statute of limitation period, but that he would be able to recover from "April 13, 2017 to March 15, 2018" if the three-year period is applied. *See* Dkt. #10 at 12.

"While the court can consider a statute of limitations argument on a Rule 12(b)(6) motion to dismiss, such motion cannot be granted unless the limitations defense is clear on the face of the complaint." *Rice v. Interactive Learning Sys., Inc.*, No. 3:07-CV-0725-G, 2007 WL 2325202, at *2 (N.D. Tex. Aug. 10, 2007) (citing *Jones v. Alcoa, Inc.*, 339 F.3d 359, 366 (5th Cir. 2003), *cert. denied*, 540 U.S. 1161 (2004)). Applying this rule, courts look to the facts pleaded to determine whether a plaintiff has alleged a "willful violation" sufficient enough to satisfy a Rule 12(b)(6) inquiry. *See id.* ("Because the limitations defense is not clear on the face of the complaint, the motion to dismiss is denied."); *Kharb v. Ericsson, Inc.*, No. 4:17-CV-619, 2019 WL 1198399, at *4 (E.D. Tex. Mar. 14, 2019) ("allegations of willfulness under the FLSA are subject to Rule 12(b)(6) motions; and mere allegations that an employer acted willfully without any additionally information are inadequate").

Here, Perry's Complaint is not limited to "mere allegations," but rather contains specifically pleaded facts that, if determined true, could permit a fact finder to determine that Knopp Defendants' conduct constitutes a "willful violation." Particularly, a fact finder could plausibly determine the following pleaded conduct amounts to a willful violation: a finding that

Knopp Defendants agreed to pay Perry a specific overtime amount, dramatically underpaid him, and then continued to underpay Perry while at the same time falsifying documents to hide the related FLSA violations.

Consequently, Knopp Defendants' Motion to Dismiss for Lack of Subject-Matter Jurisdiction and Failure to State a Claim should be **DENIED**. Dkt. #5.[6]

### D.      Forum Non Conveniens

Knopp Defendants last argument is the court should dismiss this entire suit under the doctrine of forum non conveniens. Dkt. #6. Specifically, Knopp Defendants contend the court should dismiss this case because "[Perry']s suit can be properly heard in the 216th District Court of Gillespie/Kerr County, Texas[,] and private and public interests would be better served if [Perry's] case [was] heard in the 216th District Court." *Id.* at 6. Perry responds by arguing that Knopp Defendants have utterly failed to meet their burden. Dkt. #11.

"A federal court has discretion to dismiss a case on the ground of forum non conveniens when an alternative forum has jurisdiction to hear the case, and trial in the chosen forum would establish oppressiveness and vexation to a defendant out of all proportion to plaintiff's convenience, or the chosen forum is inappropriate because of considerations affecting the court's own administrative and legal problems." *Manufacturers All. Ins. Co. v. B&B Transp., LLC*, 1:18-CV-13-RP, 2018 WL 7288577, at *4 (W.D. Tex. Dec. 14, 2018) (Pitman, J.) (internal citations omitted). "A defendant invoking forum non conveniens ordinarily bears a heavy burden in opposing the plaintiff's chosen forum," and "[t]he plaintiff's choice of forum should rarely be

---

[6] Because the undersigned finds in favor of Perry on all arguments contained in Knopp Defendants' Motion to Dismiss, Dkt. #5, it does not address Perry's objections to the evidence proffered in Knopp Defendants' Motion. *See* Dkt. #10 at 12. That said, the court has not looked outside of the pleadings in conducting its Rule 12(b)(6) inquiry and has not converted any motion to a motion for summary judgment.

disturbed." *Id.* (quoting *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 508 (1947) (internal citations omitted)).

Upon review, Knopp Defendants have not met their burden. Besides conclusory statements like "[t]he 216th District Court . . . will be more convenient for the litigants and witnesses" and "[p]ractical considerations make the trial of this case more efficient and less expensive in the 216th District Court," Knopp Defendants do not provide any concrete support sufficient to meet their heavy burden. Therefore, Knopp Defendants' Motion to Dismiss for Forum Non Conveniens should be **DENIED**. Dkt. #6.

## IV. RECOMMENDATION

For the reasons given above**:**

- **IT IS RECOMMENDED** that Defendants' Motion to Dismiss for Lack of Subject-Matter Jurisdiction and Failure to State a Claim (Dkt. #5) be **DENIED**.

- **IT IS FURTHER RECOMMENDED** that Defendants' Motion to Dismiss for Forum Non Conveniens (Dkt. #6) be **DENIED.**

- **IT IS FURTHER RECOMMENDED** that Defendants' Dkt. #4 be **MOOTED** as a duplicate of Dkt. #5.

## V. OBJECTIONS

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Court need not consider frivolous, conclusive, or general objections. *See Battles v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987).

A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the

Report shall bar that party from de novo review by the District Court of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Court.  *See* 28 U.S.C. § 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140, 150-53 (1985); *Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415 (5th Cir. 1996) (en banc).

SIGNED December 17, 2020.

_____
MARK LANE
UNITED STATES MAGISTRATE JUDGE